UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

    Plaintiff,

vs.

CASE NO. 23-cr-41-TPB

RAUL COLON-OCASIO,

    Defendant.
_____/

## SENTENCING MEMORANDUM

Through counsel, RAUL COLON-OCASIO, files the following Sentencing Memorandum, setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

The Supreme Court has ruled that its Sixth Amendment holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S. Ct. 738, 756 (2005).

The Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. § 3553(b)(1) or which rely upon the Guidelines' mandatory nature, 18 U.S.C. § 3742(e), incompatible with its Sixth Amendment holding. Booker, 125 S. Ct. at 756. The Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." Booker, Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, requires a sentencing court to consider Guideline ranges. See 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it permits a sentencing court to tailor a sentence

in light of other statutory concerns as well, see § 3553(a). Booker, 125 S. Ct. at 757. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

1) "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1); 2) "the kinds of sentences available" (§ 3553(a)(3); 3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (§ 3553(a)(6); and 4) "the need to provide restitution to any victims of the offense." (§ 3553(a)(7).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the sentencing judge is required to "recogniz[e] that imprisonment

is not an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. § 3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added).

### Application of the Sentencing Factors to the Facts of this Case

The following factors must be considered by the Court when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

### HISTORY AND CHARACTERISTICS, 3553 (a)(1)

### ROLE

Mr. Colon-Ocasio pleaded not guilty to the charges set forth in the Indictment and exercised his Constitutional right to a jury trial. The jury found him guilty as charged.

### PERSONAL HISTORY

A very thorough Biopsychosocial Investigation Report ("Report"), was prepared by Shari Schwartz, Ph.D., on behalf of Mr. Colon-Ocasio which was attached to the Presentence Investigation Report ("PSI"). Rather than repeat what was presented in the Report, Mr. Colon-Ocasio refers the Court to the Report and its findings. The Report contains the personal history of Mr. Colon-Ocasio in detail.

Mr. Colon-Ocasio intends to call Shari Schwartz as a witness at the sentencing where she will explain her findings in detail.

Both the Report and the PSI set forth Mr. Colon-Ocasio's personal history.

## CRIMINAL HISTORY

A criminal history score of **1** has been calculated by probation for Mr. Colon Ocasio. (PSI ¶ 59).

## SEXUAL ASSAULT AND ABUSE

Rather than set forth the facts and details under this heading, Shari Schwartz will testify at the sentencing, as to her findings as is set forth in the Report. The PSI is consistent with facts set forth in the Report.

In addition, Mr. Colon Ocasio's Sister, Gardenia Ocasio will testify at the sentencing, about this issue.

Mr. Colon-Ocasio cites the following authority in support of his Motion[1]: In *U.S. v. Walter*, 256 F.3d 891 (9th Cir. 2001)(where D sent threat to the president, district court could downward depart from 41 months sentence because combination of brutal beatings by defendant's father, the introduction to drugs and alcohol by his mother, and, most seriously, the sexual abuse defendant faced at the hands of his cousin, constituted the type of extraordinary circumstances justifying consideration of the psychological effects of childhood abuse and establish diminished capacity); *U.S. v. Brown*, 985 F.2d 478 (9th Cir. 1993) (where D offered a letter recounting his childhood of severe abuse and neglect and produced psychologist's report concluding that childhood trauma was the primary cause of D's criminal behavior, court could grant downward departure); *U.S. v. Roe*, 976 F.2d 1216 (9th Cir. 1992) (court clearly erred in holding it did not have discretion to depart downward where defendant's suffered extraordinary sexual abuse as a child); *U.S. v. Rivera*, 192 F.3d 81, 84 (2d Cir. 1999) ("**It seems beyond question that abuse suffered**

---

[1] **Cases Granting, Affirming, Or Suggesting Mitigating Factors, Michael R. Levine, (February 1, 2005).**

**during childhood – at some level of severity – can impair a person's mental and emotional conditions . . .** in extraordinary circumstances…district courts may properly grant a downward departure on the ground that extreme childhood abuse caused mental and emotional conditions that contributed to the defendant's commission of the offense."; *U.S. v. Pullen*, 89 F.3d 368 (7th Cir. 1996) (in light of *Koon v. U.S.*, 518 U.S. 81 (1996), sentence remanded to see if D can establish that childhood abuse was extraordinary to enable judge to exercise discretion to depart downward); see *Santosky v. Kramer*, 455 U.S. 745, 789 (1982). (Rehnquist, J., joined by Burger, C.J., White, and O'Connor, J., dissenting) ("It requires no citation of authority to assert that children who are abused in their youth generally face extraordinary problems developing into responsible, productive citizens"); *Motley v. Collins*, 3 F.3d 781, 792 (5th Cir. 1993) (death penalty) (fact that a doctor did not opine that the murder was likely the result of child abuse did not preclude jurors from making the required inference "after all, the effects of child abuse are not peculiarly within the province of an expert . . . it requires no citation of authority to assert that children who are abused in their youth generally face extraordinary problems developing into responsible, productive, citizens").

## FAMILY HISTORY

Rather than repeat what was presented in the Report, Mr. Colon-Ocasio refers the Court to the Report and its findings. The Report contains the family history of Mr. Colon-Ocasio in detail. Both the Report and the PSI set forth Mr. Colon-Ocasio's family history. Both Shari Schwartz and Gardenia Ocasio will testify at sentencing, regarding Mr. Colon-Ocasio's family history.

## SUBSTANCE ABUSE

Paragraphs 99 through 108 of the PSI, set forth Mr. Colon Ocasio's addiction and struggle with illegal drugs and alcohol from an early age up until the time of his arrest in this case. He has consumed alcohol, Marijuana, Crack, Xanax, Oxycodone, Acid, Adderall, Methamphetamine, Molly. As he stated to the probation officer who interviewed him for the PSI, he did not feel so alone when under the influence of these abusive drugs. He further stated that it was his way of dealing with his childhood traumas.

## PSYCHIATRIC AND EMOTIONAL CONDITION

Paragraphs 89 through 98 of the PSI, explain Mr. Colon-Ocasio's extensive psychiatric and emotional traumas. In addition both Shari Schwartz and Gardenia Ocasio will testify at the sentencing, as to Mr. Colon-Ocasio's serious mental health conditions.

## CONCLUSION

Based on the facts and law set forth in this Motion, and supported by the PSI and the Report, as well as the anticipated testimony from Mr. Colon-Ocasio's sister, he is requesting that this court sentence him well below the guidelines.

**WHEREFORE**, Raul Colon-Ocasio, respectfully requests that this court sentence him well below the guidelines.

Respectfully submitted:

ALLEN S. KAUFMAN, P.A.
950 S. PINE ISLAND RD.
PLANTATION, FL 33324
(954) 727-8165
ask_pa@bellsouth.net

By: s/ Allen S. Kaufman
ALLEN S. KAUFMAN
FBN 301639

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 17, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

BY: s/ Allen S. Kaufman
ALLEN S. KAUFMAN